(235 P.3d 1255)

No. 103,602

## In the Interest of K.P.

Opinion filed July 30, 2010.

*Nancy Ogle*, of Ogle Law Office, LLC, of Wichita, for appellant/cross-appellee mother.

*Edward C. Hageman*, county attorney, for appellee/cross-appellant.

*Mark A. Blehm*, of Russell, guardian ad litem.

Before GREENE, P.J., MARQUARDT, J., and BRAZIL, S.J.

GREENE, J.: Mother of K.P., a 5-year-old minor child at the time of the proceedings below, appeals the district court's finding of her unfitness as a parent and the order to appoint a permanent custodian for the child, challenging the sufficiency of the evidence to support the finding of unfitness. The State cross-appeals the order

to appoint a permanent custodian, arguing that mother's parental rights should have been terminated. We affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Mother cared for K.P. as a single parent until October 2008, when K.P. was referred to foster care because mother was arrested for possession of marijuana and three misdemeanor counts including child endangerment. Upon mother's release from jail, K.P. was returned to her and the Kansas Department of Social and Rehabilitation Services (SRS) prepared a permanency plan for mother.

In mid-December 2008, however, a petition to have K.P. declared a child in need of care was filed by the State after mother was in a domestic dispute with her boyfriend, leading to domestic battery charges against mother. K.P. then went to live with her uncle and aunt, where she has resided at all times thereafter.

The State filed its petition to terminate mother's parental rights in the summer of 2009, after mother tested positive for alcohol and was taken into custody for a probation violation. She had previously been adjudicated as an unfit parent and had her parental rights terminated to an older son. At the hearing on this motion, mother testified to the mitigating circumstances surrounding the prior adjudication and then demonstrated that she had complied with some of her case plan objectives for reintegration with K.P., felt that she had gotten control of her life, and had been sober for 6 months. A family support worker testified that mother was doing a much better job of handling K.P. since her inpatient drug/alcohol treatment and that mother loves K.P. very much.

The district court made extensive findings of fact and then concluded that mother was unfit based on K.S.A. 2009 Supp. 38-2269(b)(1), (b)(3), (b)(5), (b)(7), (b)(8), (b)(9), and (c)(3). Considering the best interests of K.P., however, the court declined to terminate mother's parental rights and instead concluded that appointment of a permanent custodian for K.P. was in her best interests.

Mother appeals the finding of unfitness, and the State cross-appeals the court's refusal to terminate mother's parental rights.

## STANDARDS OF REVIEW

Our standard of review of a finding of parental unfitness is to determine whether, after review of all the evidence, viewed in the light most favorable to the State, the court is convinced that a rational factfinder could have found the determination to be highly probable, that is, by clear and convincing evidence. See *In re B.D.-Y.*, 286 Kan. 686, Syl. ¶ 4, 187 P.3d 594 (2008); *In re Adoption of Baby Boy M.*, 40 Kan. App. 2d 551, 559, 193 P.3d 520 (2008).

The district court is in the best position to make findings on the best interests of the child, and its judgment will not be disturbed in the absence of an abuse of judicial discretion. See *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002).

When an appeal frames an issue of construction and application of a statute, we have unlimited review. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009).

## WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE DISTRICT COURT'S FINDING THAT MOTHER WAS AN UNFIT PARENT?

Mother essentially argues on appeal that the district court relied on "outdated" evidence because, since her completion of inpatient drug and alcohol treatment, she had remained sober and had made significant progress on her case plan objectives.

The district court made extensive findings of fact to support its conclusion of unfitness. These include in material part:

"1. That [mother] is unfit to parent [K.P.] by reason of the conduct or conditions recited [in the court's findings] and further explained below that renders her unable to care properly for [K.P.], and the conduct and conditions are unlikely to change in the foreseeable future.

"2. That [mother] suffers from emotional or mental illness of such duration or nature as to render her unable to meet the ongoing physical, mental and emotional needs of [K.P.] [noting long standing diagnosis of depression with guarded or poor prognosis]. K.S.A. 38-2269(b)(1);

"3. That [mother] has used alcohol, narcotics or other dangerous drugs since adolescence that have negatively affected her ability to parent. [Noting specific examples.] K.S.A. 38-2269(b)(3);

"4. That [mother] has been convicted of felony possession of marijuana, resulting in jail time due to probation violations. K.S.A. 38-2269(b)(5);

"5. That opportunities were given in the original permanency plan to reintegrate [K.P.] with her mother at home, but [mother's] efforts at out-patient treatment

were half-hearted and sporadic, despite the significance of possibly losing her child if she failed to give her best effort. [Noting specific facts convincing court of continued drug seeking behavior unlikely to resolve 'any time soon.']. K.S.A. 38-2269(b)(3), (7), and (8).

"4. [*sic*] [Mother] is so mired in her own problems that her personal needs surpass those of her child and interfere with her responsibilities as a parent. K.S.A. 38-2269(b)(8).

. . . .

"6. . . . .Without invoking the presumption [of unfitness due to a prior severance of her parental rights], the court finds that the severance in 1992 is relevant to the issue of whether her conduct is likely to change in the foreseeable future. [Noting that recent conduct 'fits the pattern' of past conduct reflecting unfitness.]

"7. . . . [S]ocial workers who assisted in family preservation services and the reintegration plan believe that [mother] has not made reasonable progress toward reintegration because of lack of effort, sporadic cooperation, failure to meet goals in a timely fashion, and finally, the probation violation that resulted in court ordered inpatient drug treatment. [Noting change in permanency plan from reintegration to adoption.] K.S.A. 38-2269(b)(8), (9) and (c)(3)."

Our review of the evidence reveals that within 12 to 15 months of the hearing, there were a host of incidents that proved influential to the court's decision. Among these were (1) an allegation of emotional abuse by mother of her 13-year-old son due to mother's medications and drinking; (2) K.P. was taken into protective custody due to mother's arrest and incarceration; (3) mother was involved in a serious domestic dispute that led to domestic assault charges; (4) mother stipulated to facts alleging that K.P. was a child in need of care; (5) mother failed outpatient drug and alcohol treatment; (6) mother violated her probation by testing positive for alcohol; (7) mother's change of doctors for her back pain and to seek prescription pain medications may have pointed to "drug seeking behavior"; (8) mother had long suffered from mental illness, specifically major depressive disorder; (9) mother's work history was infrequent, and she had no driver's license; (10) mother was in jail or inpatient treatment for almost 5 months of 2009; (11) mother maintained a troubled relationship with a boyfriend who is also drug and alcohol dependent; (12) mother had supported K.P. only with financial assistance from others; and (13) social workers assisting the family testified that mother had not made reasonable progress toward reintegration because of lack of effort, sporadic

cooperation, failure to meet goals in a timely fashion, and a probation violation resulting in court-ordered inpatient drug treatment.

Despite some progress by mother in late 2009, we conclude that the evidence adequately supports the district court's finding of parental unfitness. The court found that as many as eight statutory factors of parental unfitness had been met, and we believe the evidence clearly supports these conclusions. Viewing the evidence in the light most favorable to the State, we are convinced that a rational factfinder could have found it highly probable by clear and convincing evidence that mother was legally unfit to be a parent. Mother's challenge to the sufficiency of the evidence is rejected.

### DID THE DISTRICT COURT ERR IN REFUSING TO TERMINATE MOTHER'S PARENTAL RIGHTS, INSTEAD FINDING IT IN K.P.'S BEST INTERESTS TO APPOINT A PERMANENT CUSTODIAN?

In its cross-appeal, the State argues that the district court erred in refusing to terminate mother's parental rights because a statutory presumption of unfitness was applicable and K.S.A. 2009 Supp. 38-2271(b) states that when the parent fails to demonstrate that he or she is fit and able to care for the child or that the parent will be fit and able to care for the child in the foreseeable future, "the court *shall* terminate parental rights." (Emphasis added.)

We disagree with the construction and application of this statute urged by the State. First, we note that the district court chose not to invoke the presumption that allegedly arose due to mother's having her parental rights terminated in a prior case. Precisely what this means is unclear, but we must presume that the court either found that mother had successfully rebutted the presumption by her testimony of the mitigating circumstances surrounding the prior severance of her parental rights, or that the presumption should otherwise not be employed against mother for purposes of determining her unfitness.

We need not decide whether the presumption was applicable, however, because the court decided in any event that mother was unfit. The critical question in this appeal is whether a finding of unfitness dictates that the parent's rights *must* be terminated or

that the option of a permanent custodian remains as an alternative. This question is compounded by the language of K.S.A. 2009 Supp. 38-2271(b), which indicates that upon a failure to rebut any of the statutory presumptions, "the court *shall* terminate parental rights in proceedings pursuant to K.S.A. 2009 Supp. 38-2266 *et seq.*, and amendments thereto." (Emphasis added.) Does this leave the court no alternative?

Our answer is no. A finding of parental unfitness requires the court to proceed "pursuant to K.S.A. 2009 Supp. 38-2266 *et seq.*" This means that when a presumption of unfitness is not successfully rebutted by the parent, the court must then proceed under the entire statutory scheme. Obviously, critical aspects of this statutory scheme are (1) the need to ascertain whether termination of parental rights is in the best interests of the child pursuant to K.S.A. 2009 Supp. 38-2269(g)(1); and (2) that the court *may* authorize appointment of a permanent custodian pursuant to K.S.A. 2009 Supp. 38-2269(g)(3) and 38-2272.

Notwithstanding the language of K.S.A. 2009 Supp. 38-2271(b), when the court has determined that a parent is unfit, termination is not mandatory. The court must proceed under the entire statutory scheme. This construction and application is consistent with the tenet that in determining legislative intent, we consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into a workable harmony if possible. *State v. Breedlove*, 285 Kan. 1006, 1015, 179 P.3d 1115 (2008). In order to reconcile the entire statutory scheme, the language of K.S.A. 2009 Supp. 38-2271(b) employing the term "shall" must be construed as directory rather than mandatory. See *State v. Johnson*, 286 Kan. 824, 850, 190 P.3d 207 (2008). If we were to read this statute as urged by the State, we would render meaningless the statutory mandate that the best interests of the child must be considered in determining whether parental rights should be terminated. We generally construe statutes to avoid such results. See *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 754, 189 P.3d 494 (2008). This construction and application is also clearly consistent with K.S.A. 2009 Supp. 38-2272(a)(2), which pro-

vides that a permanent custodian may be appointed after a finding of unfitness.

Here, the district court clearly found that termination was *not* in the child's best interests. Among its material findings on this issue, the court found:

"There is no question that [K.P.] has bonded with [mother] and that [mother] loves her child. But she has also bonded with [foster parents], calling [mother] 'Mommy Karen' and [foster mother] 'Mommy Tammy.'

. . . .

"Because [K.P.] has lived with her mother from the date of her birth, except during the times stated above, a bond has been established. The evidence is that [mother] loves [K.P.] and that [K.P.] loves her. It would not be in [K.P.'s] best interests to terminate [mother's] parental rights under those circumstances. Therefore, the Court finds that appointment of a permanent custodian pursuant to K.S.A. 38-2269(g)(3) and 38-2272(a)(2) is in her best interests, particularly if the permanent custodians are [foster parents], with whom [K.P.] has bonded."

We conclude that these findings as to the best interests of the child are adequately supported in the record. Our Supreme Court has previously determined that the district court is in the best position to make findings on the best interests of the child, and its judgment will not be disturbed in the absence of an abuse of judicial discretion. See *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002). We are unable to conclude that no reasonable person would agree with the district court's findings as to the best interests of K.P.

The district court's conclusion that a permanent custodian rather than termination of mother's parental rights was most suitable for K.P., was within the statutory options under these circumstances and must be affirmed. The parties are reminded that a subsequent motion to terminate mother's parental rights is not barred by reason of these proceedings.

In summary, we conclude that the evidence was sufficient to support the district court's findings that mother was unfit, but we also conclude that termination was not required. The court was within the statutory options to find that a permanent custodian for the child, rather than termination of parental rights, was in the

child's best interests. Finding that a permanent custodian was in K.P.'s best interests was no abuse of discretion.

Affirmed.