(340 P.3d 1230)
No. 111,294

In the Interest of: X.D., T.C.D., F.M.D., D.D., and C.D., Jr.,
Children in Need of Care.

Opinion filed December 24, 2014.

*Mitchell B. Christians*, of Salina, for appellant natural father.

*Charles Ault-Duell*, assistant county attorney, and *Ellen Mitchell*, county attorney, for appellee.

Before MALONE, C.J., LEBEN and ATCHESON, JJ.

LEBEN, J.: Corey D. (Father) appeals the district court's termination of his parental rights to five children. He argues that the district court violated his due-process rights when it found that the State had presented a sufficient evidentiary basis for presuming him an unfit parent without first hearing the evidence Father wanted to present on the unfitness presumption.

We agree with Father that the district court's procedure violated his due-process rights. A fundamental part of due process is the opportunity to be heard in a meaningful way. The presumption of unfitness that can be applied to terminate a parent's rights to a child is an important part of the process, and the parent has a right to present evidence before the presumption is applied. We therefore reverse the district court's judgment terminating Father's parental rights and remand the case for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

The district court held an evidentiary hearing on the State's motion to terminate Father's rights to these children on October 15, 2013. The State sought to establish Father's unfitness as a parent, which is required to terminate parental rights, under a statutory

presumption found in K.S.A. 2013 Supp. 38-2271(a)(5). Under that statutory provision, a parent is presumed unfit and unable to care for his or her child if the State proves by clear and convincing evidence that the child has been in a court-ordered, out-of-home placement for 1 year or more and the parent "has substantially neglected or willfully refused to carry out a reasonable [court-approved] plan" for reintegrating the child into the parent's home. K.S.A. 2013 Supp. 38-2271(a)(5).

To terminate parental rights, the State must prove unfitness, and the State chose in Father's case to proceed solely on the basis of this presumption. After the State presented the testimony of three witnesses who managed the family's case plan and provided therapy, the district court agreed to the State's suggestion that it determine—based on the evidence heard thus far—whether the State had proved facts to justify applying this presumption of unfitness:

"[THE STATE]: Judge, I'd submit to the Court that this is probably the close of my evidence on the presumption.

"THE COURT: Presumption side.

"[THE STATE]: And I don't know if [Father's counsel], I've discussed with him during a break, I don't know whether he wants to present his evidence before you hear argument on that portion of the case or whether you want to go ahead and hear argument on presumption side.

"THE COURT: [Counsel?]

"[FATHER'S COUNSEL]: Well, obviously, Your Honor my inten[t] would be to call [Father,] to rebut substantial parts of what's been testified to.

"THE COURT: Presumptions, okay, well then that seems to be the posture we are in, the State believes that at this point they have met the burden of presumption and that would put the burden over to you for the rebuttal side, I guess.

"[FATHER'S COUNSEL]: Only if the Court believes that the State has . . .

"[THE STATE]: Right.

"[FATHER'S COUNSEL]: . . . met [its] burden of presumption because we disagree that the State's even met that burden.

"[THE STATE]: That would be the question, Judge, do you want to hear argument on that or do you want to hear evidence to continue that portion of the case?

"THE COURT: Well, in order to proceed in an orderly fashion I would prefer to hear . . . the arguments that you make on what you believe the record is relative to presumption.

"[THE STATE]: Okay, very well.

"THE COURT: And then we'll proceed from there."

Counsel then made arguments about whether the State had proven that the court should apply the presumption of unfitness in this case. The court found that it had, *i.e.*, the court concluded that the children had been in out-of-home placement for more than 1 year and that Father had substantially neglected or willfully failed to comply with a reintegration plan. Under K.S.A. 2013 Supp. 38-2271(b), when the court presumes unfitness, the parent has the burden of proof "to rebut the presumption of unfitness by a preponderance of the evidence." The court set a second evidentiary hearing to allow Father to present his additional evidence.

Father testified when the hearing continued. He said that he had done his best to do everything the social-services agency supervising his family had requested of him and that, if given the chance, he would continue to put forth his best efforts to fulfill its requests. He stated that he had not completed some of the things asked of him because he didn't have the money to do so.

After closing arguments by the attorneys, the court announced its ruling in favor of the State:

"And at this point in time, there is nothing in the record to support a finding by the Court that [Father] has in any way rebutted any of the case presented in chief by the Petitioner in this matter, the findings of the Court as to the presumptions and the unfortunate reality that those presumptions rise to the level of a finding of unfitness and a termination of parental rights remains the finding of the Court and that these children should now be continued with the agency with a permanency plan of potential adoption or other permanency."

The court also concluded that terminating Father's rights was in his children's best interests. Father has appealed to this court.

## Analysis

Father argues that the district court should have allowed him to present evidence before it made a decision about whether to apply the presumption of unfitness. Not doing so violated his due-process rights, he contends.

Father is right that due-process rights apply here. A parent's right to the control, custody, and care of children is among the most fundamental rights protected by the United States Constitution. See *Frazier v. Goudshaal*, 296 Kan. 730, 752-53, 295 P.3d

542 (2013); *In re A.E.S.*, 48 Kan. App. 2d 761, Syl. ¶ 10, 298 P.3d 386 (2013); *In re J.L.*, 20 Kan. App. 2d 665, 671, 891 P.2d 1125, *rev. denied* 257 Kan. 1092 (1995). So due-process rights apply, 20 Kan. App. 2d at 669-71, and a court must determine what process is due. *Village Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 331, 291 P.3d 1056 (2013). The key question before us is what process Father was entitled to before the district court made its decision to apply the unfitness presumption.

The essence of due process is the right to be heard at a meaningful time and in a meaningful manner. *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 776, 133 P.3d 104 (2006); *Taylor v. Kansas Dept. of Health & Environment*, 49 Kan. App. 2d 233, 242-43, 305 P.3d 729 (2013). And the presumption of unfitness is an important part of the State's case for terminating Father's parental rights. Accordingly, Father is entitled to be heard *before* the court decides to apply that presumption. See *In re D.H.*, No. 98,739, 2008 WL 496168, at *6 (Kan. App.) ("Determination of applicability of the presumption occurs only after hearing from both sides."), *rev. denied* 286 Kan. 1178 (2008).

The district court may apply the unfitness presumption only if the State proves the facts supporting it by clear and convincing evidence. K.S.A. 2013 Supp. 38-2271(a). That's a high evidentiary burden, requiring evidence that could convince a rational factfinder that the facts were highly probable. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008). It's obviously an easier burden to reach if only one side presents its evidence. But that would not be a fair procedure: The district court should not determine whether the presumption has been met until both sides have had the opportunity to present whatever evidence relates to the presumption's application to the case.

The legislature has established a two-step process with regard to an unfitness presumption. The State may gain the presumption if it proves any of several statutory bases by clear and convincing evidence. K.S.A. 2013 Supp. 38-2271(a)(1)-(13). If the State does so, then the parent has to rebut the presumption of unfitness by a preponderance of the evidence. K.S.A. 2013 Supp. 38-2271(b); see also K.S.A. 60-414. In some cases, the parent may present evidence

directly negating the claim for the presumption. In other cases, the facts supporting the presumption may be true yet the parent presents other evidence suggesting he or she is not an unfit parent. In any case, however, the parent must be allowed to present his or her evidence related to the State's requested unfitness presumption before the court decides to apply the presumption.

One might argue that this is all an academic argument—all the evidence was ultimately presented, and the district court terminated parental rights only at the close of the case. But the unfitness presumption is very important. The district court must find unfitness before it can terminate parental rights, and it can *presume* unfitness under specific factual circumstances. The court is to do so only if the State establishes the presumption by clear and convincing evidence. Under the presumption at issue here, the State must prove the parent's neglectful or willful failure to carry out a reasonable reintegration plan. For example, the State might present in evidence records showing that the parent hadn't shown up for planned visits with the child, but the parent might have evidence that those records weren't correct. The court's decision about whether the State has established facts supporting the presumption by clear and convincing evidence must be based on all the evidence relevant to that point.

In this case, although Father's counsel got to cross-examine the State's witnesses, he did not get to present Father's testimony— and Father had testimony squarely related to the unfitness presumption. Father's due-process rights were thus violated by the court's decision to apply the unfitness presumption without hearing Father's testimony.

We recognize that Father did not make this argument to the district court. The State has urged us not to consider the issue on appeal since we usually require that appellate issues have first been raised in the trial court. But we review claims of constitutional error for the first time on appeal when that's required to serve the ends of justice or to prevent the denial of a party's fundamental rights. See *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014); *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 311, 75 P.3d 1222 (2003). Because a parent's right to his or her child is a fundamental right,

we still may consider the issue. See *In re A.E.S.*, 48 Kan. App. 2d 761, Syl. ¶ 9.

Because the district court decided to apply the presumption before Father presented evidence relating to the factual basis for it, we reverse the district court's judgment and remand the case for further proceedings. On remand, the district court should determine whether to apply the presumption only if, after considering all the evidence presented by the parties relevant to the presumption, clear and convincing evidence supports it.

The district court's judgment is reversed, and the case is remanded for further proceedings.