NOT DESIGNATED FOR PUBLICATION

No. 116,781

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of K.A.S.,
a Minor Child.

MEMORANDUM OPINION

Appeal from Reno District Court; PATRICIA MACKE DICK, judge. Opinion filed May 26, 2017. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant natural father.

*Daniel D. Gilligan*, assistant district attorney, and *Keith E. Schroeder*, district attorney, for appellee.

Before GARDNER, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  Father's parental rights were terminated to K.A.S. born in 2002. On appeal, Father argues the State did not prove that he was unfit by reason of conduct or condition which renders him unable to care for K.A.S and the conduct or condition is unlikely to change in the foreseeable future, and the State did not prove that termination of parental rights was in the best interests of K.A.S.

Father was convicted by a jury of sexually abusing K.A.S. It was also reported by the State in its petition that he raped her over the course of several months, and as the abuse progressed, it became more violent. Father is now serving two life sentences and does not have the chance of parole for 50 years and 61 months.

1

Based on this evidence, it is clear the district court found by clear and convincing evidence that Father was unfit to parent K.A.S. and his conduct or condition was unlikely to change in the foreseeable future. It is also clear the court did not abuse its discretion when it found the termination of Father's parental rights was in the best interests of K.A.S.

On September 27, 2013, the State filed a petition to find K.A.S. a child in need of care. The petition alleged that K.A.S. had been sexually abused by Father. She was interviewed by Western Kansas Child Advocacy Center on September 24, 2013, and reported that Father began raping her in 2012. She reported numerous incidents of rape occurring from the fall of 2012 to the summer of 2013. K.A.S. further stated Father hit her with a piece of wood if she did not do what he wanted. He also taped her down with duct tape before raping her. It had escalated to the point where Father showed her a handgun and threatened the family and their farm animals if she did not cooperate.

The State filed a motion for finding of unfitness and termination of parental rights on July 5, 2016. In the motion, the State alleged K.A.S. had been removed from the home on September 23, 2013, due to sexual abuse by Father. Father was eventually convicted on nine felony counts of abuse towards K.A.S. and was serving a life sentence in prison. Father had no visitation through the course of the case due to his sexual abuse of K.A.S. and his incarceration.

The district court held a hearing on the State's motion for a finding of unfitness and termination of parental rights on September 8, 2016. Father asked for a continuance because his criminal case was on appeal, and he believed he would be found innocent. The court denied the request and noted they were 3 years into the case and K.A.S. deserved permanency.

The district court admitted the journal entry of Father's sentencing and noted that K.A.S. was the victim in all of father's convictions. The State argued that Father had been in jail since 2013 and was serving two life sentences with no possibility of parole for 50 years and 61 months. He had not been available during the past 3 years to participate in K.A.S.'s life, and would not be allowed to if he could because of the nature of his convictions. K.A.S. wanted nothing to do with Father because of the crimes he had committed against her.

The district court asked Father if he wished to present any evidence or testimony. Father did not have any evidence that would refute what the jury had found in his criminal case. Father requested the opportunity to speak and claimed he was innocent of the charges. He believed he would be successful on appeal. Father stated K.A.S. had testified against him, but she had lied.

The district court found that Father was unfit by reason of conduct or condition which rendered him unable to parent K.A.S. The only factor the court stated they needed was that Father had sexually abused K.A.S. The court found that Father had been convicted of felonies. He was imprisoned and unavailable. The court found Father's conduct or condition was unlikely to change in the foreseeable future and terminated his parental rights.

In its journal entry, the district court formally adopted the State's motion for finding of unfitness and termination of parental rights and specifically found Father's rights should be terminated due to physical, mental, or emotional abuse or neglect or sexual abuse of a child, and conviction of a felony and imprisonment. The court terminated Father's parental rights.

Father appeals and argues the State did not prove that he was unfit by reason of conduct or condition which renders him unable to care for K.A.S. and the conduct or

3

condition is unlikely to change in the foreseeable future, and that termination of parental rights was in the best interests of K.A.S.

The Kansas Legislature has specified that the State must prove "by clear and convincing evidence that the child is a child in need of care." K.S.A. 2016 Supp. 38-2250. In addition to child in need of care adjudications, the clear and convincing evidence standard of proof applies to all termination of parental rights cases. K.S.A. 2016 Supp. 38-2269(a). Clear and convincing evidence is that "which is sufficient to establish that the truth of the facts asserted is 'highly probable.'" *In re B.D.-Y.*, 286 Kan. 686, 696, 187 P.3d 594 (2008).

K.S.A. 2016 Supp. 38-2269(a) states:

> "When the child has been adjudicated to be a child in need of care, the court may terminate parental rights or appoint a permanent custodian when the court finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future."

In making this determination, an appellate court does not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *In re B.D.-Y.*, 286 Kan. at 705.

When determining how to define "foreseeable future," the court examines the term from the perspective of a child. *In re M.H.*, 50 Kan. App. 2d 1162, 1170, 337 P.3d 711 (2014). Children and adults have different perceptions of time, and a child has the right to permanency within a time frame that is reasonable for them. 50 Kan. App. 2d at 1170. The district court may draw inferences from the past conduct of a parent to determine that the parent's conduct will not likely change in the foreseeable future. *In re Z.C.*, No. 97,032, 2007 WL 1310097, at *3 (Kan. App. 2007) (unpublished opinion).

4

Here the district court found that Father was an unfit parent pursuant to K.S.A. 2016 Supp. 38-2269. In order to make this finding, the district court must find by clear and convincing evidence that the parent is unfit and shall consider, but is not limited to, the following:

"(1) Emotional illness, mental illness, mental deficiency or physical disability of the parent, of such duration or nature as to render the parent unable to care for the ongoing physical, mental and emotional needs of the child;

"(2) conduct toward a child of a physically, emotionally or sexually cruel or abusive nature;

"(3) the use of intoxicating liquors or narcotic or dangerous drugs of such duration or nature as to render the parent unable to care for the ongoing physical, mental or emotional needs of the child;

"(4) physical, mental or emotional abuse or neglect or sexual abuse of a child;

"(5) conviction of a felony and imprisonment;

"(6) unexplained injury or death of another child or stepchild of the parent or any child in the care of the parent at the time of injury or death;

"(7) failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family;

"(8) lack of effort on the part of the parent to adjust the parent's circumstances, conduct or conditions to meet the needs of the child; and

"(9) whether the child has been in extended out of home placement as a result of actions or inactions attributable to the parent and one or more of the factors listed in subsection (c) apply." K.S.A. 38-2269(b).

The district court found Father to be unfit pursuant to subsections 4 and 5.

Under K.S.A. 2016 Supp. 38-2269(b)(4), it is clear that Father sexually abused K.A.S. The allegations set out in the State's petition demonstrated months of sexual abuse inflicted upon K.A.S. by Father. At the hearing on the termination of parental rights,

5

Father did not present any evidence that would refute what the jury found him guilty of in his criminal case. The court found this factor by clear and convincing evidence.

Under K.S.A. 2016 Supp. 38-2269(b)(5), it is also clear that Father has been in jail since 2013 and is serving two life sentences with no possibility for parole for 50 years and 61 months. The court also found this factor by clear and convincing evidence.

Father next argues the district court did not have clear and convincing evidence to find that his conduct or condition was unlikely to change in the foreseeable future. As stated above, it is uncontroverted that a jury convicted Father of sexual abuse against K.A.S. and that he is serving two life sentences with no possibility of parole for 50 years and 61 months. In addition, Father has been in jail since 2013 and has had no contact with K.A.S. While Father believes he will be successful on appeal, he has been in jail for 3 years. Because the court can use the past to determine future conduct, it is clear the district court had clear and convincing evidence to find Father's conduct would not change for the foreseeable future.

The district court had clear and convincing evidence to find Father both unfit to parent K.A.S. and that his conduct will not change in the foreseeable future. The district court is affirmed.

Father also argues the district court abused its discretion when it concluded that the termination of his parental rights would be in the best interests of K.A.S.

Under K.S.A. 2016 Supp. 38-2269, the district court may terminate parental rights when the court finds by clear and convincing evidence that the parent is unfit and the conduct is unlikely to change in the foreseeable future. If the court makes this finding, the court then shall consider whether termination of parental rights is in the best interests of the child. K.S.A. 2016 Supp, 38-2269(g)(1). In making this determination, the court gives

6

primary consideration to "the physical, mental and emotional health of the child." K.S.A. 2016 Supp. 2016 Supp. 38-2269(g)(1). "If the physical, mental or emotional needs of the child would best be served by termination of parental rights, the court shall so order." K.S.A. 2016 Supp. 38-2269(g)(1).

The district court is in the best position to make findings as to what is in the best interests of the child. *In re K.P.*, 44 Kan. App. 2d 316, 318, 235 P.3d 1255 (2010). Therefore, "its judgment will not be disturbed in the absence of an abuse of judicial discretion." 44 Kan. App. 2d at 318. "A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

Father sexually abused K.A.S. over the period of several months. He raped her, showed her a handgun, and threatened her family and farm animals. Father was convicted of these crimes by a jury. K.A.S. wanted nothing to do with Father based on this abuse. It is very clear the district court did not abuse its discretion when it determined it was in the best interests of K.A.S. to have Father's parental rights terminated. He was her abuser and he was found guilty of the crimes he committed against her. The district court is affirmed.

Affirmed.