NOT DESIGNATED FOR PUBLICATION

Nos. 118,661
118,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of
W.D. and A.D.,
Minor Children.


MEMORANDUM OPINION


Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed May 25, 2018. Affirmed.

*Mandi J. Stephenson*, of Stephenson Law Office LLC, of Kingman, for appellant natural father.

*Tracey T. Beverlin*, county attorney, and *Cody R. Smith*, of Geisert, Graffman & Smith, P.A., of Kingman, guardian ad litem, for appellee.

Before GARDNER, P.J., GREEN and SCHROEDER, JJ.


PER CURIAM: C.D. (Father) appeals the termination of his parental rights, contending the trial court erred when it failed to appoint a new caseworker despite known conflicts between Father and his caseworker, Jordan Withrow. He also asserts St. Francis Community Services did not make reasonable efforts to reintegrate A.D. and W.D. with him. Because Father challenges only one of the five reasons the district court terminated his parental rights, we affirm the district court.

In February 2015, the State filed a petition alleging A.D. and W.D. were children in need of care (CINC) based on Mother's incarceration for drug use. Father had little

1

contact with the children before Mother's incarceration, and there were concerns about the condition of his home, but the petition alleged no wrongdoing by Father. Although Mother and Father were divorced and did not live together, the district court granted the Department of Children and Families custody of the children. Later, Father filed a no contest statement to the allegations of the petition, and the district court found A.D. and W.D. were CINC.

About two years later, the State moved for a finding of unfitness and termination of parental rights. The termination hearing occurred over two days; the district court heard evidence on one day and closing arguments the next day. The district court took the matter under advisement. Father immediately moved to present additional testimony.

Two weeks after the district court heard Father's additional testimony, it issued an opinion terminating Father's parental rights to both A.D. and W.D. The district court found Father unfit under K.S.A. 2017 Supp. 38-2269(b)(7)-(9) and (c)(2)-(4), found that he would be unfit for the foreseeable future, and further found termination of parental rights was in A.D. and W.D.'s best interests. Father appealed.

A parent has a fundamental liberty interest protected by the Fourteenth Amendment to the United States Constitution to make decisions regarding the care, custody, and control of the parent's child. Before a parent can be deprived of the right to the custody, care, and control of the child, the parent is entitled to due process of law. *In re Adoption of A.A.T.*, 287 Kan. 590, 600-01, 196 P.3d 1180 (2008); see *In re X.D.*, 51 Kan. App. 2d 71, 74, 340 P.3d 1230 (2014) (the right to be the legal parent of a child is a fundamental right).

The Kansas Legislature has specified that the State must prove "by clear and convincing evidence that the child is a child in need of care." K.S.A. 2017 Supp. 38-

2

2250. In addition to CINC adjudications, the clear and convincing evidence standard of proof applies to all termination of parental rights cases. K.S.A. 2017 Supp. 38-2269(a).

> "When this court reviews a district court's termination of parental rights, we consider whether, after review of all the evidence, viewed in the light most favorable to the State, we are convinced that a rational factfinder could have found it highly probable, *i.e.* by clear and convincing evidence, that the parent's right should be terminated. [Citation omitted.]" *In re K.W.*, 45 Kan. App. 2d 353, 354, 246 P.3d 1021 (2011).

In making this determination, an appellate court does not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008).

First, Father contends the district court erred by failing to appoint a new caseworker despite the known conflicts between him and Withrow. Father asserts:

> "The fact that the trial court failed to change case workers and visitation supervisors was an error that affected the entire course of this case. From shortly after the time the case began, the trial court and SFCS failed to address concerns with Ms. Withrow's attitude toward Father and ultimately determined the failure of reintegration in this case."

This argument is unpersuasive. Nothing in the record suggests the trial court was aware of Father's concerns until the termination of parental rights hearing. Father does not cite—and we have not found—any instances of Father mentioning his conflict with Withrow to the district court before the termination proceedings. Moreover, even at the termination hearing, Father does not argue the district court should replace Withrow and give him another chance for reintegration. In fact, during closing arguments, Father placed the blame for the termination of his parental rights at Withrow's feet—accusing her of lying to the court and refusing to allow visitation—but did not suggest the district

3

court could or should have appointed a new caseworker. As a result, Father cannot raise this issue on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011) (holding issues not raised before the trial court cannot be raised on appeal).

Second, Father argues the district court erred when it found St. Francis made reasonable efforts to rehabilitate the family, the efforts failed, and it terminated his parental rights. The Revised Kansas Code for Care of Children provides that the court may terminate parental rights when a child has been adjudicated a CINC and the parent's unfitness is unlikely to change in the foreseeable future. K.S.A. 2017 Supp. 38-2269(a). The statute lists nonexclusive factors the court shall consider in determining unfitness. K.S.A. 2017 Supp. 38-2269(b). The court must also consider a separate list of nonexclusive factors when a child is not in the parent's physical custody. K.S.A. 2017 Supp. 38-2269(c). Any one of the factors in K.S.A. 2017 Supp. 38-2269(b) or (c) may, but does not necessarily, establish grounds for termination of parental rights. K.S.A. 2017 Supp. 38-2269(f).

Here, the district court found Father was an unfit parent under K.S.A. 2017 Supp. 38-2269(b)(7) and (8) based on the failure of St. Francis' reasonable efforts to rehabilitate the family and Father's lack of effort to adjust his circumstances, conduct, or conditions to meet A.D.'s and W.D.'s needs. The district court also found Father was unfit under K.S.A. 2017 Supp. 38-2269(b)(9) and (c)(2)-(4) because he failed to maintain visitation, failed to carry out a reasonable plan directed toward integration, and failed to pay a reasonable portion of the cost of substitute physical care and maintenance. Finally, the district court found that based upon his noncompliance with attempts to reintegrate the family, Father would likely remain unfit for the foreseeable future.

On appeal, Father argues St. Francis did not make reasonable efforts to rehabilitate the family. When a district court provides alternative bases to support its ultimate ruling

4

on an issue and an appellant fails to challenge the validity of the alternative bases on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 280-81, 225 P.3d 707 (2010). Even if St. Francis failed to make reasonable efforts to rehabilitate the family, termination of Father's parental rights was still appropriate because Father did not argue he adjusted his circumstances to meet his children's needs, maintained an appropriate level of visitation, or completed his case plan tasks.

Moreover, substantial competent evidence supports these findings. Father attended only 16 of nearly 124 offered visits over the course of two years. He refused drug testing on five occasions and failed to complete a court-ordered mental health evaluation. Father clearly failed to maintain regular visitation with A.D. and W.D. and refused to comply with his case plan tasks. Thus, we decline to address Father's argument.

Upon making a finding of unfitness of the parent, "the court shall consider whether termination of parental rights as requested in the petition or motion is in the best interests of the child." K.S.A. 2017 Supp. 38-2269(g)(1). In making such a decision, the court shall give primary consideration to the physical, mental, and emotional needs of the child. K.S.A. 2017 Supp. 38-2269(g)(1). The district court is in the best position to make findings on the best interests of the children; its judgment will not be disturbed absent an abuse of discretion. *In re K.P.*, 44 Kan. App. 2d 316, 322, 235 P.3d 1255 (2010). "A district court abuses its discretion when no reasonable person would agree with its decision or the decision is based on a legal or factual error." *In re R.S.*, 50 Kan. App. 2d 1105, Syl. ¶ 2, 336 P.3d 903 (2014).

Father fails to argue termination of his parental rights was not in the best interests of his children. An issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Even if

Father had not abandoned this issue, the district court did not abuse its discretion. The district court found A.D. had been in State custody nearly one-third of her life and W.D. had been in State custody for nearly half of his. A.D. and W.D. were concerned where they were going to "end up." The district court found the placement family had effectively become A.D. and W.D.'s family because Mother abandoned the children and Father maintained limited and sporadic contact when it was convenient for him and he could dictate or influence the terms. A reasonable person could agree with the district court's finding that terminating Father's parental rights was in the best interests of the children.

Affirmed.