NOT DESIGNATED FOR PUBLICATION

No. 121,895

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of A.T.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed February 28, 2020.
Affirmed.

*Natalie K. Randall*, of Dodge City, for appellant natural father.

*Kathleen Neff*, deputy county attorney, and *Kevin Salzman*, county attorney, for appellee.

Before BUSER, P.J., STANDRIDGE and WARNER, JJ.

PER CURIAM:  Father appeals the district court's finding that he is unfit to parent his daughter, A.T. He also challenges the court's finding that it is in A.T.'s best interests to appoint her maternal grandmother to be her permanent custodian. Specifically, Father argues there is insufficient evidence to support the district court's findings that he was unfit. But the record reflects that Father failed to obtain suitable housing, lacked regular employment, had an ongoing substance abuse addiction for which he failed to seek treatment, failed to consistently visit A.T., failed to maintain consistent contact with Saint Francis Community Services (the agency), and failed to carry out a reasonable reintegration plan. Because there was clear and convincing evidence to support the district court's ruling, we affirm.

1

In July 2018, seven-year-old A.T. was taken into police protective custody after Mother was arrested on drug-related charges and federal parole violations. During the arrest, police learned that there were concerns Father was using drugs. On July 23, 2018, the State filed a petition alleging that A.T. was a child in need of care. The following day, the district court placed A.T. in the temporary legal custody of the Kansas Department for Children and Families (DCF). In turn, DCF placed A.T. in the physical custody of her maternal grandmother.

On August 22, 2018, the district court adjudicated A.T. to be a child in need of care. Both Mother and Father stipulated to the allegations in the State's petition and entered no-contest statements. The district court ordered that A.T. remain in the legal custody of DCF and adopted a proposed permanency plan of reintegration with Mother and Father. The court ordered that each parent work toward accomplishing each of the individual tasks set forth in the permanency plan. The court's order permitted Mother and Father to have supervised visits with A.T. so long as they submitted negative urinalysis samples.

In March 2019, the district court held a permanency hearing and found that reintegration was no longer a viable option, largely due to Father's continued drug use, Father's failure to work toward completing his case plan tasks over a seven-month period, and Mother's pending three-year federal prison sentence. The district court changed the goal of the permanency plan from reintegration to adoption or appointment of a permanent custodian.

Father failed to appear at the next review hearing on May 10, 2019. Mother consented to permanent custodianship at this hearing, which the district court accepted after inquiry under oath. Given Father's failure to appear, the court directed the State to

file a petition requesting the court find Father unfit. The State filed the motion as directed and asked the court to appoint a permanent custodian for A.T. In the motion, the State relied on the following statutory factors to argue that Father was unfit:

- K.S.A. 2019 Supp. 38-2269(b)(3)—the use of intoxicating liquors or dangerous drugs of such duration or nature as to render the parent unable to care for the ongoing physical, mental, or emotional needs of the child;
- K.S.A. 2019 Supp. 38-2269(b)(7)—failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family;
- K.S.A. 2019 Supp. 38-2269(b)(8)—lack of effort on the part of the parent to adjust the parent's circumstances, conduct, or conditions to meet the needs of the child;
- K.S.A. 2019 Supp. 38-2269(c)(2)—failure to maintain regular visitation, contact, or communication with the child or with the custodian of the child; and
- K.S.A. 2019 Supp. 38-2269(c)(3)—failure to carry out a reasonable plan approved by the court directed toward integrating the child into a parental home.

In support of its argument that Father was unfit under each of these statutory factors, the State attached to its motion exhibits that established Father continued to use methamphetamine, skipped several urinalysis tests, missed the majority of his possible visits with A.T., failed to maintain contact with the agency workers, failed to find stable housing and employment, and failed to complete almost all of his case plan tasks over the previous nine-month period since A.T. was adjudicated a child in need of care.

In September 2019, the district court held a hearing on the State's motion. Father appeared in custody after having been arrested for various probation violations. The State proffered the facts set forth in its motion and the exhibits attached to it; Father did not

3

object to the proffer. The district court accepted as true the facts set forth in the procedural history section of the State's motion. At the end of the hearing, the district court found by clear and convincing evidence that Father was unfit based on the six statutory factors laid out in the State's motion and that the conditions that rendered Father unfit were unlikely to change in the foreseeable future. The court appointed A.T.'s maternal grandmother as her permanent custodian.

ANALYSIS

When reviewing a finding of parental unfitness, this court must determine, after reviewing all of the evidence in a light most favorable to the State, whether a rational fact-finder could have found the determination to be highly probable, i.e., by clear and convincing evidence. See *In re B.D.-Y.*, 286 Kan. 686, 705-06, 187 P.3d 594 (2008); *In re K.P.*, 44 Kan. App. 2d 316, 318, 235 P.3d 1255 (2010). In making this determination, the appellate court does not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *In re B.D.-Y.*, 286 Kan. at 705.

On appeal, Father argues that the State failed to present sufficient evidence to declare Father unfit; he does not challenge the foreseeable future finding. He contends that many of the statutory factors relied upon in making the unfitness determination can be attributed to his drug addiction and that his addiction should not give rise to an overall finding of unfitness. In support of his argument, Father notes that the State did not seek to terminate Father's parental rights, the State conceded he exhibited a close bond with A.T., and the State's primary concern was Father's drug addiction.

As provided in K.S.A. 2019 Supp. 38-2269(a), the State must prove a parent is unfit "by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future." The statute contains a nonexclusive list of nine factors that singularly or in combination

4

may constitute unfitness. K.S.A. 2019 Supp. 38-2269(b), (f). The statute lists four other factors to be considered when, as here, the parent no longer has physical custody of a child. K.S.A. 2019 Supp. 38-2269(c). In this case, the district court relied on the following six statutory factors to support its finding of unfitness.

*K.S.A. 2019 Supp. 38-2269(b)(3)*

A district court may find a parent unfit if there is clear and convincing evidence of the "use of intoxicating liquors or narcotic or dangerous drugs of such duration or nature as to render the parent unable to care for the ongoing physical, mental or emotional needs of the child." K.S.A. 2019 Supp. 38-2269(b)(3).

The record shows that Father was a habitual drug user. He tested positive for methamphetamine just a few weeks prior to the adjudication hearing. Between August 2018 and December 2018, Father was supposed to submit 16 urinalysis samples. He tested positive for methamphetamine twice and skipped 9 of the 16 tests. Because of these positive and missed urinalysis tests, Father missed nine visits with A.T.

Between December 2018 and February 2019, Father continued using methamphetamine. He was supposed to submit 11 urinalysis samples, and of those 11, he skipped 5 and tested positive for methamphetamine twice. Because of these positive and missed urinalysis tests, Father missed seven additional visits with A.T.

Between February 2019 and April 2019, Father had six urinalyses scheduled and he skipped four of them. Again, Father missed six additional visits with A.T.

For approximately nine months, the record shows that Father continued using methamphetamine. Father never sought treatment for his addiction as directed. In fact, despite having completed two substance abuse evaluations, Father failed to follow

through with substance abuse treatment at any point during the pendency of the case. Furthermore, Father does not dispute his drug addiction on appeal. Because the record shows a detailed account of Father's continued drug use and his failure to address that addiction, there was clear and convincing evidence to support the district court's finding under K.S.A. 2019 Supp. 38-2269(b)(3).

*K.S.A. 2019 Supp. 38-2269(b)(7)*

A district court may find a parent unfit if there is clear and convincing evidence that the reasonable efforts made by public or private agencies to rehabilitate the family have failed. K.S.A. 2019 Supp. 38-2269(b)(7).

The district court ordered Father to complete various case plan tasks that Father almost completely ignored altogether. The plan addressed drug use, mental health, housing, employment, parenting classes, and counseling needs. The agency made referrals for Father to obtain a drug and alcohol evaluation and a mental health clinical assessment. Father obtained two separate drug and alcohol evaluations but never provided the agency with proof that he completed a mental health clinical assessment. Despite having completed two drug and alcohol evaluations, he did not follow the recommendations of either—namely, he was either unsuccessfully discharged from treatment or never followed through with treatment.

Aside from the above, Father either tested positive for methamphetamine or skipped several urinalysis tests. Father missed numerous visits with A.T. Father failed to maintain regular contact with the case workers starting in December 2018. Father failed to find stable housing and employment. Father failed to attend parenting classes. The agency's multiple efforts to get Father to submit to drug testing, enter drug treatment, complete parenting classes, and obtain housing and employment were simply not successful. In every area of the case plan, notwithstanding the requests and efforts made

by the agency to rehabilitate the family, Father did not follow through. Again, Father does not dispute any of this on appeal. Because of this, there was clear and convincing evidence to support the district court's finding under K.S.A. 2019 Supp. 38-2269(b)(7).

*K.S.A. 2019 Supp. 38-2269(b)(8)*

A district court may find a parent unfit if there is clear and convincing evidence that the parent has failed to adjust his or her circumstances, conduct, or conditions to meet the needs of the children. K.S.A. 2019 Supp. 38-2269(b)(8).

Again, the record establishes that Father continued using drugs and failed to seek treatment for his addiction. Because of this issue, he was unable to attend several visits with A.T. He failed to find and maintain stable housing and employment. He failed to complete his case plan goals as directed. He failed to attend parenting classes. He failed to maintain consistent contact with the case workers. Over the course of the case, Father simply failed to show that he could adjust his circumstances to meet the needs of A.T. As a result, there was clear and convincing evidence to support the district court's finding under K.S.A. 2019 Supp. 38-2269(b)(8).

*K.S.A. 2019 Supp. 38-2269(c)(2)*

A district court may find a parent unfit if the child is not in the parent's custody, and there is clear and convincing evidence that the parent failed to maintain regular visitation, contact, or communication with the child or with the child's custodian. K.S.A. 2019 Supp. 38-2269(c)(2). Here, the evidence supports this finding.

Of 41 possible visits Father was scheduled to have with A.T., he was only able to have 10. As his visits were contingent upon submitting negative urinalyses, he could only see A.T. if he showed up to submit a sample and that sample was clean. Because he

7

continued testing positive for methamphetamine and skipped numerous tests, he was unable to visit with his daughter on several occasions. The record shows a detailed account of Father's failure to maintain regular visits with A.T., which necessarily establishes clear and convincing evidence to support the district court's finding under K.S.A. 2019 Supp. 38-2269(c)(2).

*K.S.A. 2019 Supp. 38-2269(c)(3)*

A district court may find a parent unfit if the child is not in the parent's custody, and there is clear and convincing evidence that the parent failed to carry out a reasonable plan directed toward reintegrating the parent and child. K.S.A. 2019 Supp. 38-2269(c)(3). Here, the evidence supports this finding.

Father displayed a lack of effort to complete most of the reintegration tasks. Father's reintegration tasks and outcomes were proffered as follows:

- Father will complete a drug/alcohol evaluation.
- Father will follow all the recommendations from the drug/alcohol evaluation.
- Father will submit to random urinalysis tests or mouth swabs.
- Father will have a clean urinalysis test before visits can occur with the child.
- Father will complete a mental health evaluation.
- Father will sign all necessary releases for the agency.
- Father will obtain and maintain safe and stable housing free from drug use.
- Father will attend a parenting class and provide a certificate of completion to the agency.
- Father will follow all court orders.
- Father will obtain and maintain legal employment.

Of the above tasks, Father only completed two by April 2019: complete a drug/alcohol evaluation and sign all necessary releases for the agency. Father did not object to the State's proffer at the September 2019 hearing. Father does not contest this on appeal. Because the record shows a detailed account of Father's failure to timely work toward completing reintegration goals, there is clear and convincing evidence to support the district court's finding under K.S.A. 2019 Supp. 38-2269(c)(3).

For all of the reasons stated above, we find clear and convincing evidence to support the district court's finding of parental unfitness as to Father.

Affirmed.