NOT DESIGNATED FOR PUBLICATION

No. 127,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of R.S., a Minor Child.

MEMORANDUM OPINION

Appeal from Pratt District Court; CANDACE R. LATTIN, magistrate judge. Submitted without oral argument. Opinion filed March 28, 2025. Remanded with directions.

*Martin J. Peck*, of Wellington, for appellant natural father.

*Tracey T. Beverlin*, county attorney, for appellee, and *Mandi J. Stephenson*, guardian ad litem.

Before ISHERWOOD, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: In this termination of parental rights case, the sole issue presented on appeal is whether an adequate transcript of the final hearing has been preserved. Although Father requests that a new hearing be ordered due to the incompleteness of the transcript, he recognizes that Kansas Supreme Court Rule 3.04(a) (2025 Kan. S. Ct. R. at 24) provides a mechanism for reconstructing a transcript. In response, "[t]he State requests the ability to fill the gaps in the record by following the process outlined in Supreme Court Rule 3.04(a)." Under the circumstances presented, we find it appropriate to remand this matter to the district court for the reconstruction of the hearing transcript.

It is undisputed that the State filed a motion to terminate Father's parental rights on September 26, 2023. At the termination hearing held on January 2, 2024, Father appeared and participated via Zoom. The record reflects that the district court believed the hearing

1

was being recorded through the Zoom platform but, unfortunately, the audio ends abruptly. As a result, part of the hearing could not be transcribed.

"'[P]arental rights are fundamental in nature and are constitutionally protected.'" *In re Adoption of A.A.T.*, 287 Kan. 590, 601, 196 P.3d 1180 (2008). Before a parent can be deprived of the right to the care, custody, and control of a child, the parent is entitled to due process of law. *In re X.D.*, 51 Kan. App. 2d 71, 73, 340 P.3d 1230 (2014). And due process rights apply in cases where the State seeks to terminate parental rights. 51 Kan. App. 2d at 73-74. Here, Father's procedural due process rights are implicated because the district court terminated Father's parental rights after finding him unfit as a parent. See *In re X.D.*, 51 Kan. App. 2d at 73-74.

Still, an incomplete record does not—in and of itself—necessitate reversal without the presence of significant omissions. *State v. Holt*, 298 Kan. 531, 538, 314 P.3d 870 (2013). Moreover, the lack of a full transcript does not automatically guarantee a new trial or hearing. See *State v. Coyote*, 268 Kan. 726, 735, 1 P.3d 836 (2000); *State v. Stafford*, 223 Kan. 62, 64, 573 P.2d 970 (1977). Before reversal is required, it must be established "that despite a good faith effort it is impossible to reconstruct the missing portion of the record and this precludes effective appellate review of the issues." 223 Kan. at 64.

In situations where a portion of a transcript is missing, Kansas Supreme Court Rule 3.04(a) (2025 Kan. S. Ct. R. at 24) provides that "[i]f the transcript of a hearing or trial is unavailable, a party to an appeal may prepare a statement of the evidence or proceedings from the best available means, including the party's own recollection, for use instead of a transcript." The statement must be served on the other party, and that party has 14 days after service to agree, object, or propose an amendment. Rule 3.04(a). And the statement must then "be submitted to the district court for settlement and approval."

Rule 3.04(a). Once approved by the district court, it "must be included by the clerk of the district court in the record on appeal." Rule 3.04(a).

We pause to note that the parties normally must make a request for reconstruction of the transcript no later than 21 days after filing the notice of appeal with the district court. Supreme Court Rule 3.03(a) (2025 Kan. S. Ct. R. at 22). But neither party raised the timeliness issue, and we seldom consider issues that the parties do not raise unless such consideration is necessary to serve the ends of justice. See *State v. Valdez,* 316 Kan. 1, 18, 512 P.3d 1125 (2022). Here, we do not find that exceptional circumstances exist which justify us raising this issue sua sponte. This is particularly true given the constitutional rights that are impacted in this case.

We, therefore, remand this matter to the district court for reconstruction of the transcript of the final termination hearing using the procedure set forth in Supreme Court Rule 3.04(a).

Remanded with directions.