NOT DESIGNATED FOR PUBLICATION

No. 121,011

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

KRISTEN RAY,
*Appellant*,

and

JASON FELLERS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PAUL J. HICKMAN, judge. Opinion filed May 15, 2020. Affirmed in part and dismissed in part.

*Julie McKenna*, of McKenna Law Office, P.A., of Salina, for appellant.

*Wade M. Carter*, of CAD Law, L.C., of Salina, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Kristen Ray (Mother) appeals the district court's denial of her request to move from Salina with the parties' minor son and the district court's failure to modify temporary child support orders. Upon review of the record, we find the district court did not abuse its discretion when it denied Mother's request to move. Because the temporary child support order entered by the district court during the pendency of the case is not a final appealable order, we dismiss Mother's argument on this issue for lack

of jurisdiction. Jason Fellers (Father) also asks for his reasonable attorney fees on appeal. We deny his request based on the facts of this case.

FACTS

Mother and Father were married in 2012, and to their union one child, a son, was born in 2014. In 2017, Mother filed for divorce in Saline County, which the district court granted in 2018. While the divorce was pending, the district court issued a temporary order granting Mother and Father joint custody of their son, with Mother as the residential parent. The temporary order provided their son could not be moved from Saline County without further order from the district court and ordered Father to pay $623 per month in child support during the pendency of the case. Mother filed a motion for modification of the temporary child support order, requesting Father be required to pay daycare expenses for their son, which would result in a monthly child support payment of $1,074. The district court denied her motion, stating its temporary orders would remain in effect.

The parties reached an agreed permanent parenting plan in mediation on June 26, 2018. On July 6, 2018, Mother sent Father her written notice she intended to move with their son either to Tulsa, Oklahoma, or Lawrence, Kansas. Father filed an objection to Mother's proposed move and further requested the district court grant him residential custody of their child.

The district court conducted a three-day hearing on Mother's request to move and Father's request for change in custody. Mother clarified she wanted to move with her son to Lawrence because they would be closer to her family members as well as some of Father's family members, and she believed she would have better job opportunities. The district court took the matter under advisement and allowed the parties to submit written

2

briefing. The district court subsequently issued a written order denying Mother's request to move and Father's request for residential custody, stating:

"[Mother] has been the Residential parent since just after the filing of the divorce. [Mother] has no set plan of where to live, work or even who will provide [the child] day care. [Mother] has denied almost all requests at additional parenting time and has shown [a] pattern of limiting [Father's] parenting time. A move further away from [Father] would further deteriorate the bond between [Father] and [the child]. In applying the case law and factors set by statute, it is clear [Mother] did not meet her burden of showing it is in the best interest of the child to move him from Salina. The request to move the minor child is denied.

"In reviewing the motion to change residential custody, the court likewise finds that, absent [Mother] deciding to relocate outside of Salina, the evidence does not support a change in residential custody to [Father]."

Mother timely appeals. Additional facts are set forth as necessary herein.

ANALYSIS

I.  THE EVIDENCE SUPPORTS THE DISTRICT COURT'S DENIAL OF MOTHER'S REQUEST TO MOVE.

Mother argues the district court abused its discretion based on errors of fact and law in denying her request to move with her son to Lawrence. Mother asserts the district court incorrectly assigned her the burden of proof to justify the move. She also generally contends the district court applied the incorrect statutory factors and/or failed to consider the correct statutory factors in its ruling. She further argues the district court misapplied or failed to consider certain evidence presented on this issue.

3

The paramount consideration of the district court in deciding child custody or residency is the best interests of the child. K.S.A. 2019 Supp. 23-3201; *Harrison v. Tauheed*, 292 Kan. 663, 672, 256 P.3d 851 (2011). The district court is in the best position to make the inquiry and determination as to the welfare and best interests of the child. In the absence of an abuse of sound judicial discretion, the district court's judgment will not be disturbed on appeal. *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002). A judicial action constitutes an abuse of discretion if it is "'(1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.'" *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). An appellate court reviews the evidence in the light most favorable to the prevailing party to determine if the district court's factual findings are supported by substantial competent evidence and whether they support the district court's legal conclusions. We do not reweigh evidence, pass on witness credibility, or redetermine questions of fact. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 704-05, 229 P.3d 1187 (2010).

A.      *Mother had the burden of proof to justify moving the child from Salina.*

Mother argues the district court erred in assigning her the burden of proof to justify moving her son to Lawrence. Her argument on this point is not persuasive. Mother sent written notice to Father, stating she intended to move to Lawrence. We have been unable to find the actual notice Mother sent to Father in the record on appeal. However, Father filed an objection to the move and a motion for change in residential custody, indicating he received the notice. Even without Mother's notice in the record, the issue of her wanting to move was before the district court with Father's timely objection to the move and his motion to change residential custody of the child.

The burden of proof is on the party seeking a change in the current child custody order. See *In re Marriage of Nemec*, No. 115,474, 2016 WL 6031300, at *2 (Kan. App. 2016) (unpublished opinion). Here, Mother was seeking a change in the existing order to

4

the extent it required the child remain in Saline County. The district court properly placed the burden on her to justify moving to Lawrence. Father's objection to the move and his motion for change in residential custody did not shift the burden to him to show the move itself was unjustified. Rather, Father had the burden to show a material change in circumstances warranted a change in the district court's order as to the residential *parent*, not the *location* of the child's residence. The district court appropriately placed the burden on Father with respect to the issue of residential custody. Father did not cross-appeal the denial of his motion, so the issue is not before us. See *Lumry v. State*, 305 Kan. 545, 553-54, 385 P.3d 479 (2016).

Mother's argument fails to acknowledge there were competing requests before the district court: (1) Mother's request to *remain* the residential parent and *move* the child to Lawrence; and (2) Father's request to *become* the residential parent and have the child *stay* in Salina. We find no error of law in the district court assigning Mother the burden to justify the move.

B.      *The district court considered the proper statutory and legal framework*.

Mother complains the district court failed to consider the statutory factors in K.S.A. 2019 Supp. 23-3218 and K.S.A. 2019 Supp. 23-3222 and, instead, only considered the relevant statutory factors in K.S.A. 2019 Supp. 23-3203(a). Even so, a district court's failure to explicitly refer to each factor identified in K.S.A. 2019 Supp. 23-3203 is not fatal. K.S.A. 2019 Supp. 23-3203 does not require the district court to make specific findings on the record with respect to each factor. See *Vandenberg*, 43 Kan. App. 2d at 703; *In re Marriage of Henry and Moore*, No. 105,861, 2012 WL 1450489, at *5-6 (Kan. App. 2012) (unpublished opinion).

K.S.A. 2019 Supp. 23-3203(a) sets forth nonexclusive statutory factors for "determining the issue of legal custody, residency and parenting time of a child." K.S.A.

2019 Supp. 23-3218(a) provides, in pertinent part: "[T]he court may change or modify any prior order of custody, residency, visitation and parenting time, when a material change of circumstances is shown." K.S.A. 2019 Supp. 23-3222(c) sets forth the requirements for a change in the child's residence, providing:

"A change of the residence or the removal of a child as described in subsection (a) may be considered a material change of circumstances which justifies modification of a prior order of legal custody, residency, child support or parenting time. In determining any motion seeking a modification of a prior order based on change of residence or removal as described in (a), the court shall consider all factors the court deems appropriate including, but not limited to: (1) The effect of the move on the best interests of the child; (2) the effect of the move on any party having rights granted under this article; and (3) the increased cost the move will impose on any party seeking to exercise rights granted under this article."

K.S.A. 2019 Supp. 23-3222(c) relates to modifying a prior order of residency and requires the district court to consider whether there has been "a material change of circumstances" which justify modifying the prior order. Therefore, in deciding whether to grant a modification, it seems highly logical for the district court to consider the enumerated factors in K.S.A. 2019 Supp. 23-3203(a), which it would have used to decide its previous order of residency. And K.S.A. 2019 Supp. 23-3222(c) directs the district court to "consider *all factors the court deems appropriate including, but not limited to*" the three enumerated statutory factors therein. (Emphasis added.) Here, the district court did not explicitly refer to K.S.A. 2019 Supp. 23-3222(c) in its order but, nevertheless, did consider relevant statutory and nonstatutory factors, stating:

"The Petitioner has been the Residential parent since just after the filing of the divorce. Petitioner has no set plan of where to live, work or even who will provide [the child] day care. The Petitioner has denied almost all requests at additional parenting time and has shown [a] pattern of limiting the Respondent's parenting time. A move further away from the Respondent would further deteriorate the bond between the Respondent

6

and [the child]. In applying the case law and factors set by statute, it is clear the Petitioner did not meet her burden of showing it is in the best interest of the child to move him from Salina. The request to move the minor child is denied."

The basis for the district court's ruling clearly reflects it considered the best interests of the child as well as the effect of the proposed move on Father's rights to parent his child—the first and second enumerated factors under K.S.A. 2019 Supp. 23-3222(c). The district court discussed Mother's lack of definitive plans regarding her living and work situation and daycare for her son if the move was granted. It also discussed the nature of the relationship between Mother and Father coupled with Mother's pattern of denying Father interaction with their child even though they both lived in Salina. It was appropriate for the district court to consider the prior parenting decisions of Mother as it considered the nonexclusive statutory factors under K.S.A. 2019 Supp. 23-3222(c). The district court's ruling also followed an extensive discussion of the relevant statutory factors under K.S.A. 2019 Supp. 23-3203(a). All of the factors discussed by the district court were relevant in addressing the best interests of the child.

Mother's argument is also misplaced because she assumes the district court based its ruling solely on K.S.A. 2019 Supp. 23-3203. However, the district court stated it rendered its decision by applying the case law and factors set by statute. The district court did not specifically identify the statutory basis for its decision. And, as previously discussed, its decision is consistent with relevant statutory factors under K.S.A. 2019 Supp. 23-3222(c) and nonstatutory factors, which may be considered.

Supreme Court Rule 165 (2020 Kan. S. Ct. R. 215) places a duty on the district court to provide adequate findings of fact and conclusions of law on the record to support its decision. However, a party must object to inadequate findings of fact and conclusions of law to preserve the issue for appeal. Such an objection gives the district court an opportunity to correct any alleged inadequacies. *Fischer v. State*, 296 Kan. 808, 825, 295

P.3d 560 (2013). Without such an objection, an appellate court may generally presume the district court found all facts necessary to support its judgment, unless meaningful appellate review is precluded by the lack of findings. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). When the district court fails to make adequate findings, the appellate court reviews the record to determine whether the record supports the presumption that the district court found facts sufficient to support its judgment. See *In re Marriage of Whipp*, 265 Kan. 500, 509, 962 P.2d 1058 (1998).

Here, Mother did not object to a lack of findings by the district court or request further findings following the issuance of its memorandum decision, nor does she cite to any such objection or request in her brief. A thorough review of the record and the district court's order reflects the basis for its decision was supported by sufficient relevant evidence, and it found all facts necessary to support its decision. The district court also made an explicit legal ruling on the ultimate issue—Mother moving the parties' son to Lawrence was unjustified. Further, the district court's decision was premised on the paramount consideration for any decision regarding custody or residency—the best interests of the child. See K.S.A. 2019 Supp. 23-3201; *Harrison*, 292 Kan. at 672. Even though the district court did not strictly comply with Supreme Court Rule 165, we presume the district court made all necessary findings of fact and legal conclusions to support its decision. See *O'Brien*, 294 Kan. at 361; *In re Marriage of Whipp*, 265 Kan. at 509.

        C.     *The district court did not err in its consideration of the evidence.*

Mother further argues the district court misapplied or failed to consider certain evidence presented during the three-day hearing. Specifically, she claims the district court "seemed to disregard the testimony of Dan Byarlay and Angela Koerperich," who provided counseling services for Mother and the family. In other words, she essentially argues the district court abused its discretion based on an error of fact, which occurs

8

when "substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). But the district court's decision reflects a discussion of the testimony of both Byarlay and Koerperich along with Mother's claims of abuse by Father. Clearly, the district court considered the evidence in reaching its decision. We do not reweigh evidence, pass on witness credibility, or redetermine questions of fact. *In re Marriage of Vandenberg*, 43 Kan. App. 2d at 705.

Mother's contentions lack proper citation to the record in violation of Supreme Court Rule 6.02(a)(4) (2020 Kan. S. Ct. R. 34). Moreover, the district court acknowledged the allegation that Father kicked Mother out of the house but noted she failed to report it to any of her counselors. The district court further noted: "[Mother] claims another incident of physical abuse occurred when [Father] kicked the minor child and he fell and split his lip. She claims to have notified the teachers of the incident. However, the minor child's therapist was unaware of this incident and [Father] denied any such abuse occurred."

The district court's discussion of these instances—particularly, Mother's failure to report them—seems to point to credibility concerns. However, Mother did not request additional findings, so no explicit credibility determinations were made. Accordingly, Mother's contention that Byarlay provided credible testimony about the emotional abuse that was occurring in the home has no support in the record. In any event, the district court clearly stated that Mother's allegations of physical or emotional spousal abuse, while considered, did not alter its decision. Nothing in the district court's ruling suggests it disregarded Mother's allegations of verbal or emotional abuse. And this was just one of the factors under K.S.A. 2019 Supp. 23-3203(a) the district court considered in reaching its decision.

K.S.A. 2019 Supp. 23-3203(a) provides 18 nonexclusive factors for a court to consider "[i]n determining the issue of legal custody, residency and parenting time of a child." K.S.A. 2019 Supp. 23-3203(a)(9) allows the district court to consider allegations of domestic abuse, including emotional abuse or physical violence. However, no single factor is dispositive. "This court cannot and will not determine that one statutory factor weighs heavier than others." *Frakes v. Frakes*, No. 114,954, 2016 WL 4414021, at *8 (Kan. App. 2016) (unpublished opinion).

Here, the district court found 13 of those factors relevant: K.S.A. 2019 Supp. 23-3203(a)(1), (2), (3), (5), (6), (7), (8), (9), (10), (11), (12), (13), and (14). The district court was explicit in its statement that Mother's allegations of abuse did not alter its decision. Thus, it does not appear the district court assigned any more weight to this factor than the other 12 it considered. Contrary to Mother's arguments, it does not appear the district court erred in its decision on this factor. But even assuming it did, we would essentially have to reweigh the other relevant statutory factors to find error, which we cannot do. See *Frakes*, 2016 WL 4414021, at *4.

Mother further argues the district court erred in its consideration of two other statutory factors—K.S.A. 2019 Supp. 23-3203(a)(6) ("the interaction and interrelationship of the child with parents, siblings and any other person who may significantly affect the child's best interests") and (a)(7) ("the child's adjustment to the child's home, school and community").

With respect to K.S.A. 2019 Supp. 23-3203(a)(6), Mother asserts: "[B]eing close to extended family in Lawrence was far outweighed by the cost of living away from his father. That finding was not explained as to its meaning by either the guardian ad litem or the court." Mother offers no further argument or explanation on this point. And it is not entirely clear what she is arguing. Her assertion can either be interpreted as the district court failed to make sufficient findings or the district court erred in its weighing of the

evidence. But any such claim is, at best, a point incidentally raised but not argued. Accordingly, we deemed it waived or abandoned. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Moreover, Mother failed to object to a lack of findings by the district court; therefore, she has waived the argument. See *Fischer*, 296 Kan. at 825. And we do not reweigh evidence underlying the district court's findings. *In re Marriage of Vandenberg*, 43 Kan. App. 2d at 705.

With respect to K.S.A. 2019 Supp. 23-3203(a)(7), Mother argues:  "It does not make sense to find this factor weighed evenly but it be in favor of [the child] living in Salina." Her argument is purely a question of the weight of the evidence; thus, it is a point we cannot consider. See 43 Kan. App. 2d at 705.

Mother makes an additional argument that the district court erred in deferring to the recommendations of the guardian ad litem. She fails to support her argument with citation to pertinent authority or otherwise explain the point. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). The argument is without support and is waived.

We find no abuse of discretion by the district court as it applied the facts to the statutory factors in K.S.A. 2019 Supp. 23-3203(a) and K.S.A. 2019 Supp. 23-3222(c) along with nonstatutory factors to deny Mother's request to move away from Salina.

II.      WE HAVE NO JURISDICTION TO CONSIDER THE TEMPORARY CHILD SUPPORT
         ORDER.

Mother argues the district court erred in denying her request to modify the temporary child support orders. Father argues we lack jurisdiction to consider Mother's

11

claim because the district court had not issued a final order when Mother filed her notice of appeal. Whether jurisdiction exists is a question of law subject to unlimited review. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016).

K.S.A. 2019 Supp. 60-2102(a) provides an appeal may be taken to the Court of Appeals in a civil case as follows:

"Except for any order or final decision of a district magistrate judge who is not regularly admitted to practice law in Kansas, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

"(1) An order that discharges, vacates or modifies a provisional remedy.

"(2) An order that grants, continues, modifies, refuses or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus.

"(3) An order that appoints a receiver or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or an order involving the tax or revenue laws, the title to real estate, the constitution of this state or the constitution, laws or treaties of the United States.

"(4) A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

Here, K.S.A. 2019 Supp. 60-2102(a)(2) and (3) do not apply.

"'It is a fundamental proposition of Kansas appellate procedure that an appellate court only obtains jurisdiction over the *rulings identified* in the notice of appeal.'" (Emphasis added.) *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011). Mother's notice of appeal states she is appealing "from all adverse pretrial rulings for parenting time and modification of parenting time and child support; and the trial ruling denying the petitioner's request to move with that ruling being entered on February 15, 2019." Because Mother is appealing from all adverse *pretrial rulings*, not a final order, K.S.A. 2019 Supp. 60-2102(a)(4) does not provide a jurisdictional basis for her appeal. The only potential remaining jurisdictional basis is K.S.A. 2019 Supp. 60-2102(a)(1); however, it only applies to "[a]n order that discharges, vacates or modifies a provisional remedy." Here, Mother argues the district court erred in *denying* her motion to *modify* its temporary child support order. Accordingly, K.S.A. 2019 Supp. 60-2102(a)(1) does not provide a jurisdictional basis for her appeal.

The district court's order regarding the parties' requested changes in residency stated: "Child Support and all other remaining matters will be addressed in a subsequent Memorandum Decision and Order." The order was filed on February 15, 2019, and Mother filed her notice of appeal on March 15, 2019. We have not been able to find a final order on child support in the record. Father responds the district court held a hearing on March 28, 2019, in which it made a final ruling on child support and ordered Mother to prepare a journal entry. Father claims the journal entry has not been done. Father also claims Mother has not requested a transcript of the March 28, 2019 hearing. Indeed, we cannot find one in the record on appeal.

The register of actions reflects a hearing was held on March 28, 2019, with testimony taken and a decision announced. The subject of the hearing and the nature of the decision are not reflected in the register of actions.

We dismiss Mother's appeal on this issue because she has failed to provide a valid statutory basis for challenging the district court's ruling. See *Wiechman*, 304 Kan. at 84-85. Moreover, we do not have jurisdiction over this issue. See K.S.A. 2019 Supp. 60-2102(a). If, as Father claims, the district court has already ruled on this issue at the March 28, 2019 hearing and Mother has not perfected a separate appeal, the issue would now be final as to that child support order.

III.    WE DENY FATHER'S REQUEST FOR ATTORNEY FEES.

Father filed a motion requesting an award of attorney fees on appeal. "[I]n Kansas attorney fees cannot be awarded absent statutory authority or agreement." *In re Estate of Strader*, 301 Kan. 50, 61, 339 P.3d 769 (2014). In pertinent part, K.S.A. 2019 Supp. 23-2715 provides:  "[A]ttorney fees may be awarded to either party as justice and equity require" by the district court in a divorce case. Under Supreme Court Rule 7.07(b)(1) (2020 Kan. S. Ct. R. 50), "An appellate court may award attorney fees for services on appeal in a case in which the district court had authority to award attorney fees."

Father argues:

> "But for the conduct of the Appellant in seeking review of the District Court's decision, the Appellee would not have incurred the additional attorney fees and expenses in defending this matter. Justice and equity would warrant the Appellant being assessed the reasonable attorney fees incurred by the Appellee in defending this appeal."

14

Father's contention is essentially true for any appellee defending an appeal. He does not point to anything showing Mother's appeal was taken in bad faith or was so frivolous as to warrant no appellate review. In fairness, Mother's arguments on appeal are unpersuasive, and Father was correct in arguing we lack jurisdiction to consider Mother's child support claim based on temporary orders. But under these facts, we find no support for Father's request for attorney fees and deny the request.

Affirmed in part and dismissed in part. Father's request for attorney fees is denied.