NOT DESIGNATED FOR PUBLICATION

No. 122,594

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
JUSTIN BIERNACKI ,
*Appellee*,

and

BONNY BIERNACKI,
*Appellant*.


MEMORANDUM OPINION


Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed June 11, 2021. Affirmed.


*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.


*John M. Lindner*, of Lindner, Marquez & Koksal, of Garden City, for appellee.


Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.


PER CURIAM: After a two-day evidentiary hearing, the Finney County District Court denied Bonny Reece's motion to change primary residential custody of S.B., her son, from his father Jason Biernacki to her. Reece, who formerly used the last name Biernacki, has appealed. We have carefully reviewed the record on appeal, the district court's order, and the parties' briefs. Given the standard of review, we find no abuse of judicial discretion in the district court's ruling and affirm.

1

Reece and Biernacki married in 1998. S.B., their only child, was born in 2007. Biernacki filed for divorce in 2012, and following a hearing in 2015, he was granted primary residential custody of S.B. and shared or joint legal custody with Reece. Biernacki continues to live in Finney County. S.B. has attended school in Garden City and Holcomb. Reece lives on a ranch in the far northwest corner of Nebraska, roughly an eight-hour drive from Finney County. The parenting plan called for Reece to have time in Nebraska with S.B. during the summers and one weekend a month during the school year.

In September 2018, Reece filed her motion for primary residential custody of S.B. The district court heard evidence in mid-May 2019 and issued a short order about a week later denying the motion. Reece requested reconsideration. The district court declined to change its ruling. Reece has appealed.

The best interests of the child control in matters of custody and parenting time. K.S.A. 2020 Supp. 23-3201; *Harrison v. Tauheed*, 292 Kan. 663, 672, 256 P.3d 851 (2011). As the party seeking a change in custody, Reece bore the burden of persuasion in the district court. *Simmons v. Simmons*, 223 Kan. 639, 642, 576 P.2d 589 (1978); *In re Marriage of Fireoved*, No. 120,893, 2019 WL 5474302, at *2 (Kan. App. 2019) (unpublished opinion). District courts act in their sound judicial discretion in making those determinations. *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002).

We, in turn, review for an abuse of that discretion. A district court exceeds that exceptionally broad authority if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Biglow v. Eidenberg*, 308 Kan 873, 893, 424 P.3d 515 (2018); *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

2

Under K.S.A. 2020 Supp. 23-3203(a), the district court is to consider "all relevant factors" in assessing the best interests of a child. The statute identifies particular 18 factors that may be of relevance. But not all of those factors would be applicable in a given case, and some would seldom be relevant. In its written ruling, the district court focused largely on the educational opportunities available to S.B and his longtime primary custody with his father. The district court neither specifically cited K.S.A. 2020 Supp. 23-3203 nor referred to the statutory list of potential considerations bearing on the best interests determination. A district court, however, need not explicitly or serially address those factors when entering an order on custody and parenting time. See *In re Marriage of Hodges*, No. 113,884, 2015 WL 9591381, at *4-5 (Kan. App. 2015) (unpublished opinion). Although we probably would have benefited from a more elaborate ruling from the district court, we have an adequate foundation in the appellate record, assisted by the thorough briefing of both parties, to review the decision.

We offer a highly condensed account of the hearing evidence. Biernacki and Reece are both in what appear to be stable relationships with significant others. S.B. has relatives and at least some acquaintances characterized in the testimony as friends in both Finney County and Nebraska. S.B. was described as intelligent but occasionally unmotivated in some of his academic classes. Reece and Biernacki have tried to assist and motivate S.B. in his studies. Reece did so, in part, through computer-based communication with S.B.'s teachers. She also had the teachers send schoolwork with S.B. on the weekends he came to Nebraska, and she spoke regularly by telephone with S.B. about his assignments. On the whole, Reece seems to have been more proactive and successful than Biernacki in spurring S.B.'s academic performance. By May 2019, S.B.'s grades had noticeably improved.

During the hearing, the district court spoke with S.B. in chambers with only the lawyers and a court reporter present. S.B. voiced a preference to live mostly with his mother. The district court found S.B. to be bright and well-adjusted. The district court,

however, discounted S.B.'s stated desire. In custody and parenting proceedings, a district court may give a child's preference weight. K.S.A. 2020 Supp. 23-3203(a)(3) (best interests factors include "desires of a child of sufficient age and maturity"). But a child's views alone are not determinative and have diminishing import when the child is chronologically or emotionally immature. In its discretion, a district court may choose not to interview children who are the subject of custody or parenting proceedings, especially if they are of tender years.

The hearing evidence indicated S.B. liked being on the ranch with Reece during the summers. But the ranch was a considerable distance from the school S.B. would attend if Reece were granted primary residential custody. At the hearing, Reece explained that if she had custody of S.B. during the school year, she and S.B. would live in an apartment or house in town and visit the ranch on weekends. Presumably, then, Biernacki would have custody of S.B. during the summers in a reversal of the existing arrangement. So S.B.'s time at the ranch apparently would be constricted if Reece had primary residential custody.

Some of the hearing evidence highlighted a distinct lack of communication and cooperation between Biernacki and Reece regarding the physical transfer of S.B. under the existing parenting plan and other matters related to his activities, including schooling. Their disagreeableness did not appear to have had a material negative impact on S.B and, thus, was not directly relevant to Reece's motion. Based on the hearing, neither Biernacki nor Reece could lay claim to being the perfect parent or ex-spouse. By the same token, both of them could manage having physical custody of S.B. for an extended time, as, indeed, they had demonstrated.

This is a case in which both parents could have worked more cooperatively in S.B.'s interests. But S.B. was doing satisfactorily with Biernacki having primary residential custody and in all likelihood would have done satisfactorily with Reece having

4

primary residential custody. Based on the evidence, we cannot say one or the other would be the manifestly superior primary custodial parent. And, in turn, we cannot conclude the district court erred in finding S.B.'s best interests lay in maintaining the existing arrangement. Given our deferential standard of review and Reece's burden of proof, we decline to find an abuse of discretion in the district court's ruling denying the motion. This may well be one of those proceedings in which the district court would not have abused its discretion whichever way it ruled. See *In re Marriage of Bos*, No. 109,850, 2014 WL 1796155, at \*3 (Kan. App. 2014) (unpublished opinion) (so stating in child custody dispute); see also *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("[U]nder an abuse of discretion standard there will be circumstances in which we would affirm the district court whichever way it went.").

Affirmed.